# Court of Appeals
# of the State of Georgia

ATLANTA,  October 23, 2023

*The Court of Appeals hereby passes the following order:*

**A24A0451. CAROLYN CORDELIA MILES v. RENEE HARDY, CAVEATOR.**

This case concerns the Estate of Pauline Martin. In October 2019, Vera Jacobs filed a petition for temporary letters of administration in Gwinnett County Probate Court, alleging that Martin had died without a will. The following month, Carolyn Cordelia Miles filed a competing petition to probate a will in solemn form, alleging that Martin had left a will. Following several years of litigation,[1] the probate court on March 13, 2023, denied Miles's petition and declared the proffered will invalid. Miles filed an appeal to the Georgia Supreme Court, which transferred the matter to this Court. See Case No. S23A1197 (Sept. 6, 2023). Meanwhile, in probate court, Renee Hardy and Jacobs filed a new petition for letters of administration.

As a general matter, an order of the Gwinnett County Probate Court may be appealed directly to the Supreme Court or the Court of Appeals.[2] However, the order must be final. See OCGA § 5-6-34 (a) (1) (appeals generally may be taken from "[a]ll final judgments, that is to say, where the case is no longer pending in the court below"); OCGA § 15-9-123 (a) (the provisions of Chapter 6 of Title 5 apply to probate appeals). Here, there is no indication that the administration of Martin's estate

---

[1] See Case No. A22A1298 (June 13, 2022) (dismissing Miles's appeal from an earlier order).

[2] A party in a civil case in "probate court" shall have the right of appeal to an appellate court without first seeking review in superior court. See OCGA § 15-9-123 (a); *Ellis v. Johnson*, 291 Ga. 127, 128 (1) n. 1 (728 SE2d 200) (2012). A "probate court" is defined as "a probate court of a county having a population of more than 90,000 persons according to the United States decennial census of 2010 or any future such census[.]" OCGA § 15-9-120 (2). Per the 2020 census, Gwinnett County has a population of more than 90,000.

has concluded, and it appears that the probate case is ongoing. Accordingly, Miles was required to use the interlocutory appeal procedures to obtain review of the March 13, 2023 order, and her failure to do so deprives us of jurisdiction over this appeal. See OCGA § 5-6-34 (b); *In re Estate of Reece*, 360 Ga. App. 364, 365-366 (861 SE2d 169) (2021). For this reason, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
 *Clerk's Office, Atlanta, 10/23/2023*

 *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

 *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*

2